Filed 9/10/15  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061618 |
| v. | (Super.Ct.No. RIF1303189) |
| ALEX RALPH GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard J. Schwartz, Judge.  Reversed and remanded with directions.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Alex Garcia is serving 27 years in prison for manslaughter and related charges and enhancements after defendant ran a red light at high speed and caused the deaths of two people and severe injury to a third person. Defendant argues, the People concede, and this court agrees, that defendant's sentence should be reduced by nine years to conform with a recent decision by our Supreme Court, *People v. Cook* (2015) 60 Cal.4th 922 [prohibiting great bodily injury sentencing enhancements to manslaughter and murder convictions].

**FACTS AND PROCEDURE**

On the night of April 28, 2013, defendant was driving his mother's vehicle on Fourteenth Street in Riverside, with his girlfriend in the passenger seat. Fourteenth Street curves as it approaches Sedgwick and, as a witness described it "At that bend, you're kind of a little bit blindsided." Defendant quickly accelerated at the previous intersection, passed another car, changed lanes, and was going approximately 65 miles per hour as he approached Sedgwick. Just after the light at Sedgwick turned red, defendant collided with a Saturn going in the opposite direction as it made a left turn onto Sedgwick. The driver and front passenger of the Saturn were killed. The rear passenger was seriously injured. Defendant left the scene at his girlfriend's suggestion because he was on parole, but turned himself in the following day.

On November 1, 2013, the People filed an information alleging a single count of vehicular manslaughter with gross negligence (Pen. Code, § 192, subd. (c)(1))[1] and a

---

[1] All section references are to the Penal Code unless otherwise indicated.

single count of hit and run driving involving injury (Veh. Code, § 20001, subd. (a)). Both charges specified the driver of the Saturn as the victim. As to the manslaughter charge, the People alleged that defendant fled the scene of the crime (Veh. Code, § 20001) and separately alleged that defendant personally inflicted great bodily injury on each of the three occupants of the Saturn, not accomplices (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)). As to the hit and run charge, the People alleged that the accident resulted in permanent, serious injury to the drive of the Saturn. Finally, the People alleged defendant had served a prior prison term under (§ 667.5, subd. (b)), had a prior serious felony conviction (§ 667, subd. (a)), and had a prior strike conviction (§§ 667, subds. (c) & (e)(1) and 1170.12, subd. (c)(1)).

On June 12, 2014, a jury found defendant guilty of both charges and found true each of the allegations.

On July 25, 2014, defendant admitted the prior conviction allegations. On that same date, the court sentenced defendant to 27 years in prison as follows: the midterm of four years for the manslaughter, doubled to eight years for the prior strike, plus five years for the fleeing enhancement, plus five years for the prior serious felony, plus three years each for the three great bodily injury findings. The court imposed the midterm sentence of three years for the hit and run conviction, but stayed it pursuant to section 654.

This appeal followed.

## DISCUSSION

On February 5, 2015, our Supreme Court issued its decision in *People v. Cook* (2015) 60 Cal.4th 922, which governs the single issue on appeal in the present case. The *Cook* court held that, "A defendant convicted of murder or manslaughter who also commits crimes against other victims may be convicted of those additional crimes and, to the extent the sentencing laws permit, punished separately for them. But the sentence for manslaughter may not be enhanced for the infliction of great bodily injury *as to anyone.*" (*Id.* at p. 924, emphasis added.)

For this reason, the three great bodily injury enhancements imposed pursuant to section 12022.7 must be vacated and the case remanded to the trial court for resentencing.

## DISPOSITION

The true findings on the three great bodily injury allegations under section 12022.7 are reversed and the sentences on those allegations are vacated. The case is remanded to the trial court for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.*

We concur:

RAMIREZ
P. J.

MILLER
J.

*  Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.